# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Case No. 15-cr-0206-WJM-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    DANIEL JAY BUSSEMA, and
2.    **DONALD LEONARD RIESTERER**

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

---

This matter is before the Court on the Motion For Bail Pending Appeal filed by Defendant **(2) Donald Leonard Riesterer** ("Defendant").  (ECF No. 231.)

On August 3, 2016, pursuant to a plea agreement, Defendant pled guilty to a single count of wire fraud in violation of 18 U.S.C. § 1343, in relation to conduct occurring between 2010 and 2012.  (ECF Nos. 157, 158; *see also* ECF No. 183 ¶¶ 1–74.)  On December 1, 2016, the Court held an evidentiary hearing relating to certain matters that were contested in connection with calculating Defendant's sentencing guidelines range.  (ECF Nos. 181, 184.)  On December 15, 2016, the Court entered an Order and Findings of Fact resolving those contested matters.  (ECF No. 183.)  On May 3, 2017, the Court sentenced Defendant to a term of imprisonment of 30 months (ECF No. 224), and Final Judgment entered on May 8, 2017 (ECF No. 225).  On May 11, 2017, the Court entered an Order directing Defendant to surrender to the Bureau of Prisons on June 7, 2017.  (ECF No. 227.)  On May 22, 2017, Defendant filed

a Notice of Appeal.  (ECF No. 228.)  On June 2, 2017, Defendant filed the instant

Motion requesting that the Court "admit him to bail pending appeal."  (ECF No. 231.)

Defendant's request for release pending appeal is governed by 18 U.S.C.

§ 3143(b).  Under that provision, the Court "shall order" Defendant to be detained

pending appeal, unless it finds both: (1) that Defendant is not likely to flee or pose a

danger to the community; and also, (2) that his appeal "is not for the purpose of delay

and raises a substantial question of law or fact" likely to result in reversal or other

substantial relief on appeal.[1]  The Defendant has the burden to prove that he meets

---

[1]  The relevant statutory text reads as follows:

> (b) Release or detention pending appeal by the defendant.— . . . (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).

these criteria. *United States v. Affleck*, 765 F.2d 944, 946 (10th Cir. 1985).

The Court has previously found that Defendant is not likely to flee or to pose a danger to the community or to any other person, and Defendant has therefore remained free on bond since his initial appearance on May 21, 2015. (ECF Nos. 8, 11, 224; *see also* ECF No. 220 at 2.) Defendant's present arguments are primarily directed to this issue (*see* ECF No. 231 ¶ 3), but the Court does not revisit it here.

Defendant bears the burden of showing his appeal is not for purposes of delay and "raises a substantial question of law or fact," that is likely to lead to reversal or similar relief. 18 U.S.C. § 3143(b)(2)(B); *Affleck*, 765 F.2d at 952. "[A] 'substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Affleck*, 765 F.2d at 952. Defendant must show his appeal raises a "substantial question" by a preponderance of the evidence. *Id.* at 952 n.15. "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis." *Id.*

Here, Defendant has not carried his burden. Neither his notice of appeal nor the present Motion identifies what issues his appeal will raise. (*See* ECF Nos. 228, 231.) Given this silence, Defendant cannot show his appeal raises a "substantial question."

Moreover, the appeal waiver in Defendant's plea agreement appears to bar his appeal on any grounds. The Court therefore concludes that his appeal is not "likely to result in" reversal, a new trial, a non-custodial sentence, or a reduction of sentence to a term less than the time already served (here, one day). *See* 18 U.S.C. § 3143(b)(2)(B). Defendant's plea agreement contained a waiver of his appellate rights, as follows:

> The defendant is aware that Title 18, United States Code, Section 3742, affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence, unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 17, or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

(ECF No. 158 at 3 (the "appeal waiver").) The Tenth Circuit enforces such waivers if it finds that (1) the appeal "falls within the scope of the appellate waiver," (2) "the defendant knowingly and voluntarily waived his appellate rights," and (3) enforcing the waiver would not "result in a miscarriage of justice," as defined by Tenth Circuit precedent. *United States v. Johnson*, 756 F.3d 1218, 1219 (10th Cir. 2014); *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Here, the Court concludes that Defendant's appeal waiver both covers the scope of his present appeal and will be enforceable at the Tenth Circuit. First, his present appeal challenges "the conviction, judgment and sentencing order" (ECF No. 228), which falls within the scope of the appeal waiver as to "any matter in connection with [his] prosecution, conviction, or sentence." In addition, none of the three exceptions written into the appeal waiver apply, since the Government has not appealed, Defendant's 30-month sentence is less than the maximum statutory penalty of 20 years, and also falls within the guidelines range calculation for an offense of 17, given his Level-I criminal history. *See* U.S.S.G. Manual, Ch.5, Part A at 420 (2016 ed.).

4

Second, the Court also finds that Defendant entered the appeal waiver knowingly and voluntarily.  This is evidenced by the procedural record.  The language of the appeal waiver is clear, and explicitly states that Defendant "knowingly and voluntarily waives the right to appeal . . . ."  (ECF No. 158 at 3–4, 23.)  Defendant also signed a "Statement by Defendant in Advance of Plea of Guilty," which reiterated that "the terms of my plea agreement with the government contain a waiver of my right to appeal," and "I knowingly and voluntarily waiv[e] the right to appeal any matter in connection with this prosecution, conviction, or sentence [subject to the exceptions contained in the plea agreement and described above]."  (ECF No. 159 at 6.)

Further, the Court's colloquy with the Defendant at the Change of Plea hearing confirmed that he knowingly and voluntarily agreed to the appeal waiver.  (ECF No. 157.)  This demonstrates that Defendant knowingly and voluntarily entered into the appeal waiver.  *See Hahn*, 359 F.3d at 1225 ("When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors.  First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily.  Second, we look for an adequate [Rule 11] colloquy." (citations omitted)).

Third, regarding the "miscarriage of justice" consideration, "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated in [*United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001)], " which include:  "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the

sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327; *see also United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) ("As the *Hahn* court underscored, that list is exclusive."). None of those situations is present here.

Given the foregoing review, the Court concludes that Defendant's appeal waiver is enforceable and applies to his present appeal. As a consequence, Defendant has not shown that his appeal is "likely to result in" reversal or any similar relief which could permit his release pending appeal, even if he had shown (which he has not) that his appeal raises any "substantial question." *See* 18 U.S.C. § 3143(b)(2)(B).

Accordingly, for the reasons set forth above, Defendant's Motion For Bail Pending Appeal (ECF No. 231) is DENIED.

Dated this 5th day of June, 2017.

BY THE COURT:

_____

William J. Martinez
United States District Judge